## Abstract of the Decision.

CONTRACTS, § 387*—*breach of contract for platting and sale of land.* A finding for the defendant in an action for the breach of a contract for the platting and sale of land, *held* sustained by the evidence.

## Arthur Milliron for use of J. P. Gately, Appellee, v. Electric Wheel Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Adams county; the Hon. ALBERT AKERS, Judge, presiding. Heard in this court at the October term, 1914. Reversed with finding of fact. Opinion filed April 16, 1915.

### Statement of the Case.

Action was instituted by Arthur Milliron for the use of J. P. Gately, before a justice of the peace, to recover from the Electric Wheel Company, the employer of Arthur Milliron for a suit of clothes and two pairs of shoes sold to Milliron for the Gately Credit Clothing Company. On an appeal to the Circuit Court, appellee recovered a judgment against appellant for the sum of $17, from which it appeals.

Milliron assigned and set over to the Gately Credit Clothing Company all wages or salary, commissions and credits due or to become due or payable to him in the next five years following his last pay day, from the Electric Wheel Company and every succeeding employer, together with a power of attorney to J. P. Gately, or any other person whom he might substitute and appoint for him in his name, place and stead, to execute and deliver to said clothing company an assignment or assignments or other instrument in writ-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ing, which should effectually and legally convey and transfer unto the clothing company any and all wages or salary due or to become due or payable to him from any and every employer whom he might have within the next five years. Appellant was notified by the Gately Credit Clothing Company of such assignment.

Appellant contended that as the suit was brought for the use of J. P. Gately and not the Gately Credit Clothing Company, and there being no assignment of the wages to Gately, the judgment could not be sustained. The only evidence as to who and what constitutes the Gately Credit Clothing Company, was that it was not a corporation, and that it was under the control of J. P. Gately.

GOVERT & LANCASTER, for appellant.

F. W. MUNROE, for appellee.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

## Abstract of the Decision.

ASSIGNMENTS, § 31*—*who may sue on contract of assignment.* Without an assignment to him, J. P. Gately cannot maintain an action against an employer on an assignment of an employee's wages to the Gately Credit Clothing Company, although the company is not a corporation and is controlled by J. P. Gately.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.